UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK MARS,

                            Petitioner,

              -against-

MS. CORT,

                            Respondent.

23-cv-1588 (GHW)

TRANSFER ORDER

GREGORY H. WOODS, United States District Judge:

Petitioner, who is appearing *pro se*, brings this petition for a writ o *habeas corpus* captioned for the Supreme Court of the State of New York, County of Queens.[1]  He challenges his arrest and subsequent detention.[2]  Petitioner asserts that on November 16, 2022, he was "pulled over due to tinted windows," and that the officer "proceeded to break [his] glove compartment and search [his] vehicle," without probable cause or a search warrant.  ECF No. 1 at 6.  Petitioner asserts further that his constitutional rights were violated, and he brings this petition "requesting a full investigation." *Id.*

A review of the records of the New York State Unified Court System shows that Petitioner has a criminal case pending in Queens County because of his arrest on November 16, 2022 and a second criminal case pending in Nassau County because of another arrest on October 8, 2020. *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch.  For the following reasons, this petition is transferred to the United States District Court for the Eastern District of New York.

---

[1] Petitioner paid the $5.00 filing fee to bring this petition.

[2] According to the records of the New York City Department of Correction ("DOC"), Petitioner is in DOC custody, but he was recently released to another jurisdiction. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited February 28, 2023).

**DISCUSSION**

Because Petitioner is not, at present, subject to a judgment of a state court, a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 is not available to him. *See Soto v. Warden*, No. 21-CV-4068 (PKC), 2021 WL 4192861, at *2 (E.D.N.Y. Aug. 10, 2021) ("[S]ection 2241 applies to all individuals held in state custody while [Section] 2254 applies only to those whose custody results from a final judgment.") (citations omitted). The Court therefore construes the submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.

To entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) (holding that a writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian).[3] Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently in DOC custody pursuant to criminal charges pending in Queens County, which is located in the Eastern District of New York. 28 U.S.C. § 112(c). The Court therefore transfers this petition, in the interest of justice, to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a).

---

[3] "While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism." *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976). The Court expresses no opinion on whether the petition is ripe for review.

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. This order closes the case in the Southern District of New York.

Because Petitioner has not, at this time, made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 28, 2023
          New York, New York

GREGORY H. WOODS
United States District Judge

3