UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
PATRICK MARS,

                              Petitioner,

          -against-

CORT, SUPERINTENDENT,

                              Respondent.
---------------------------------------------------------X

**ORDER**
23-CV-01810 (NRM)

NINA R. MORRISON, United States District Judge.

On February 17, 2023, *pro se* petitioner Patrick Mars, who was then incarcerated at the George R. Vierno Center ("GRVC") on Rikers Island, filed the instant petition for a writ of habeas corpus[1] in the United States District Court for the Southern District of New York. ECF No. 1 ("Pet.") at 6.[2] By Order dated February 28, 2023, the Southern District transferred the action to this Court, as petitioner is challenging his November 16, 2022, Queens County arrest. *Id*. Petitioner paid the five-dollar filing fee to initiate the action. The Court has reviewed the petition and determined that petitioner is not entitled to relief in this Court at this time. Thus, the petition is dismissed on procedural grounds without prejudice.

I.      **Discussion**

---

[1] The petition is titled for the Supreme Court of the State of New York. If petitioner intended to file this petition in state court, he must re-file it in the appropriate state court.

[2] The Southern District Transfer Order noted that petitioner was released to another jurisdiction. *See* ECF No. 3, fn. 2. A review of the New York City Department of Correction website-inmate lookup service fails to provide any current location information for petitioner when searched by name and book and case number. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited April 18, 2023).

1

Petitioner asserts that on November 16, 2022, he was "pulled over due to tinted windows," and that the officer "proceeded to break [his] glove compartment and search [his] vehicle," without probable cause or a search warrant. Pet. at 6. Petitioner asserts further that his constitutional rights were violated, and he brings this petition "requesting a full investigation." *Id*.

A review of the records of the New York State Unified Court System shows that petitioner has a pending criminal case, *see* IND-73698-22, in Queens County, as a result of his arrest on November 16, 2022.[3] To the extent Petitioner is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, his case is not in a procedural posture that would allow him to file a habeas petition at this time. This is because Petitioner's criminal proceedings are ongoing and because there is no indication that Petitioner has exhausted his state court remedies. Thus, the instant petition is premature and is dismissed without prejudice. *See* 28 U.S.C. § 2254; *see also* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254 ("If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (explaining that "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process") (citation and internal quotation marks omitted); *Jimenez v. Walker*, 458 F.3d 130, 148–49 (2d Cir. 2006); *Smith v. Johnson*, No. 21-CV-00316, 2022 WL 4586305, at *2–3 (E.D.N.Y. Sept. 29, 2022).

---

[3] *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited April 17, 2023) (petitioner is due in Court for his next appearance on April 20, 2023).

Because a writ of habeas corpus is not available to Petitioner under 28 U.S.C. § 2254, the Court may construe the submission as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Federal courts may grant habeas relief pursuant to 28 U.S.C. § 2241 to prisoners in custody in violation of the Constitution or laws or treaties of the United States. Section 2241 can supply relief for state pretrial detainees." *Dawson v. Toulon*, No. 22-CV-6341, 2022 WL 17177839, at *2 (E.D.N.Y. Nov. 22, 2022) (citation omitted). However, to the extent petitioner is seeking relief pursuant to 28 U.S.C. § 2241, here too he has failed to show that he has exhausted his available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C. § 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); *Dawson*, 2022 WL 17177839, at *2; *Grafton v. Dzurenda*, 20-cv-03052 (MKB), 2020 WL 9816012, at *2 (E.D.N.Y. Dec. 11, 2020) ("[B]inding precedent establishes that a section 2241 petitioner must exhaust his available state-court remedies before seeking relief in federal court." (collecting cases)).

Here, Petitioner argues that he was subject to an unconstitutional search and seizure. It is not clear that he has presented that claim to the trial court in his criminal case (given that the proceedings in Queens Supreme Court are still ongoing), or further "appealed his constitutional claim to the highest state court having jurisdiction." *Dawson*, 2022 WL 17177839, at *2. Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed without prejudice as unexhausted. In light of Petitioner's *pro se* status, the Court grants him leave to amend his petition to demonstrate exhaustion of his state-court remedies.

## II. Conclusion

3

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed without prejudice as it is premature or fails to exhaust available state court remedies. However, Plaintiff is granted thirty days from the date of this Order to file an amended petition. If Petitioner fails to file an amended petition within thirty days of the filing date of this Order, the Clerk may enter judgment dismissing this action without prejudice, without further order of the Court.

Petitioner is also advised that a petition dismissed for failure to exhaust state court remedies is not considered an initial habeas petition for the purpose of determining whether a future petition is second or successive. *See Camarano v. Irvin*, 98 F.3d 44, 46–47 (2d Cir. 1996) (a petition dismissed for failure to exhaust state court remedies is not considered a second or successive petition within the meaning of 28 U.S.C. § 2244); *Brefo-Sarpong v. Walcott*, No. 19-CV-6053, 2020 WL 4571823, at *3 (E.D.N.Y. Aug. 7, 2020).

However, petitioner is further advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for seeking federal habeas corpus review, which runs from the date a conviction is made final as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A certificate of appealability shall not issue, as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Although petitioner paid the filing fee to initiate the instant action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated: Brooklyn, New York
       April 19, 2023